IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Jerome Capelton, # 90556-038,                )
                                             )
                                             )        Civil Action No. 6:14-1997-RBH-KFM
                          Petitioner,         )
                                             )        **REPORT OF MAGISTRATE JUDGE**
            vs.                              )
                                             )
Warden of FCI-Estill,                         )
                                             )
                                             )
                          Respondent.        )
                                             )

            Petitioner is a federal inmate at FCI-Estill.  Petitioner is serving a sentence of

360 months entered in the United States District Court for the District of Massachusetts in

Criminal No. 00-CR-30027.  Petitioner was convicted in a jury trial of conspiracy to distribute

50 grams or more of cocaine base and substantive distribution of 50 grams or more of

cocaine base (doc. 1 at 4).  Petitioner indicates that his convictions and sentences were

affirmed on direct appeal.

            In the Petition, Petitioner contends that his prior conviction for larceny in

Massachusetts should not have been used by the district court in Massachusetts in

classifying him as a career offender, which according to Petitioner, resulted in a 20-year

sentence enhancement (doc. 1 at 6–7, 11).  Petitioner premises this contention on the

holding of the Supreme Court of the United States in *Descamps v. United States*, 133 S.Ct.

2276 (2013).  Petitioner also contends that he is entitled to use the "savings clause" of 28

U.S.C. § 2255(e) to proceed under 28 U.S.C. § 2241 (doc. 1 at 7–9).  Petitioner

acknowledges that he has had a prior Section 2255 action decided by the United States

District Court for the District of Massachusetts (doc. 1 at 9).  Petitioner also contends:  (1)

he is "actually innocent" of being a recidivist (doc. 1 at 10); (2) the statute under which he

was convicted of larceny was a "divisible" statue (doc. 1 at 12–13); (3) Petitioner's prior crime of larceny under Massachusetts law is a "non-violent" offense (doc. 1 at 13–14); (4) the government failed to show that larceny was a crime of violence (doc. 1 at 14–15); (5) a federal court is bound by the construction of state law rendered by the highest court of a state (doc. 1 at 15–16); (6) Petitioner's larceny did not carry a serious risk of injury (doc. 1 at 18–24); (7) *Descamps* is retroactive and overruled prior First Circuit precedent (doc 1 at 23–28).

Appended to the Petition are copies of statutes from the Massachusetts Code of Laws (doc. 1-2 at 2–3); a copy of what appears to be a docket sheet from the Hampden Superior Court in *Commonwealth v. Anthony Coleman* (doc. 1-2 at 4–5); and a copy of Petitioner's motion for leave to proceed *in forma pauperis* filed in the Supreme Court of the United States (doc. 1-2 at 6–11).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). Even when considered under this less stringent standard, the Section 2241 Petition is subject to summary dismissal.

The claims raised in the above-captioned case are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *See Barber v. Rivera*, C.A. No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2

(D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, C.A. No. 9:11-2957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012). Since Petitioner is seeking relief from his convictions and sentences imposed in the United States District Court for the District of Massachusetts, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, C.A. No. 1:11-3468-TLW-SVH, 2012 WL 405702, at *2 (D.S.C. Jan 20, 2012), *adopted by* 2012 WL 405697 (D.S.C. Feb. 8, 2012).

Petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender

provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).  The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).  This Court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

Since Petitioner has had a prior Section 2255 action adjudicated in the United States District Court for the District of Massachusetts, Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the First Circuit to file a successive Section 2255 petition. *See In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and 28 U.S.C. § 2244(b)(3).

Accordingly, it is recommended that the Section 2241 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return.  It is also recommended that the district court deny a Certificate of Appealability.  Petitioner's attention is directed to the Notice on the next page.

June 5, 2014                                        s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).