IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerome Capelton, #90556-038, | ) | Civil Action No.: 6:14-cv-1997-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of FCI – Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On May 21, 2014, Jerome Capelton ("Petitioner"), a federal prisoner currently confined at Federal Correctional Institution—Estill in Estill, SC, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Pet., ECF No. 1. Petitioner is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 15. In his R & R, the Magistrate Judge recommends the Court dismiss Petitioner's petition without prejudice and without requiring the respondent to file a return. *See id.* at 4.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner alleges a conviction and sentencing for one count of conspiracy to distribute 50 grams or more of cocaine base and four counts of substantive distribution of 50 grams or more of cocaine base resulting in a sentence of 360 months in the United States District Court for the District of Massachusetts. *See* ECF No. 1-1 at 2. Records in Petitioner's criminal case, *United States v. Capelton*, No. 3:00-cr-30027-MAP-4, indicate that Petitioner was originally sentenced to a 360 month term of imprisonment on February 20, 2002, subsequent to a jury verdict finding him

guilty.[1]  *See United States v. Capelton*, 350 F.3d 231, 235 (1st Cir. 2003).  On February 28, 2002, Petitioner filed a Notice of Appeal.  On November 26, 2003, the First Circuit affirmed petitioner's conviction and sentence.  *See id.*

On October 4, 2005, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  On July 1, 2008, the district court issued an opinion denying Petitioner's motion and dismissing the petition.  *See United States v. Capelton*, No. 3:00-cr-30027-MAP-4, at *4 (D. Mass. July 1, 2008).

At some point Petitioner was transferred to FCI – Estill in Estill, SC, and on May 21, 2014, he filed the Petition that is presently before the court pursuant to § 2241.  Petitioner does not appear to have obtained authorization from the United States Court of Appeals for the First Circuit to proceed with a second or successive § 2255 petition.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the

---

[1] The court may take judicial notice of Petitioner's prior court records and proceedings.  *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

**I.     Petition, R & R, and Objections**

In his Petition, Petitioner asserts that his prior conviction for larceny in Massachusetts should not have been used by the District Court in Massachusetts in classifying him as a career offender under the United States Sentencing Guidelines ("U.S.S.G."),[2] which according to Petitioner resulted in a 20 year enhancement of his sentence. *See* ECF No. 1-1 at 4–5, 11. Petitioner asserts that, in light of *Descamps v. United States,* __ U.S. __, 133 S. Ct. 2276 (2013), his prior conviction for larceny is no longer a qualifying predicate offense for career offender enhancement purpose. *See* ECF No. 1-1 at 3, 23–28. He further asserts that his prior crime of larceny is a "non-violent" offense, that the government failed to show that larceny was a crime of violence, and his larceny did not carry a serious risk of injury. *See* ECF No. 1-1 at 13–14, 14–15, 18–24. Petitioner then requests the following relief: (1) that the Court conduct a hearing and

---

[2] The USSG classify a defendant as a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1.

inquiry into the cause of Petitioner's detention and (2) following the hearing, Petitioner be discharged from the detention and restraint. *See* ECF No. 1 at 2.

In his R & R, the Magistrate Judge recommended finding that Petitioner failed to satisfy the savings clause of § 2255, and thus could not pursue relief through a § 2241 habeas petition. *See* ECF No. 15 at 3–4. The Magistrate Judge noted that Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the First Circuit to file a successive § 2255 petition. *See id.* at 4. As the Magistrate Judge explained, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The mere fact that relief under § 2255 is procedurally barred or barred by the gate-keeping requirements of § 2255(h) does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

The Magistrate Judge found that Petitioner was not be able to meet the test for showing that a § 2255 motion would be inadequate or ineffective to challenge his sentence. *See Jones*, 226 F.3d at 333–34. *In re Jones* provides that, in order to trigger the savings clause of 28 U.S.C. § 2255(e) and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

4

> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34.  Here, the Magistrate Judge noted that Petitioner has failed to demonstrate that the conduct for which he was <u>convicted</u>, the narcotics charges, have been deemed non-criminal by any substantive law change since his direct appeal or § 2255.  Rather, the Petitioner argues that he should not be subject to the career offender sentencing enhancement because one of the two offenses used to classify him as a career offender no longer qualifies as a predicate offense.

Furthermore, as the Magistrate Judge also explained, the Fourth Circuit has specifically stated that it has not extended the savings clause of § 2255 to petitioners who only challenge their sentence.  *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).  In *Darden v. Stephens*, the Fourth Circuit explicitly held in this very context that it would not extend the savings clause to § 2241 petitions challenging a career offender sentencing enhancement.  426 Fed. App'x 173, 174 (4th Cir. 2011); *see also Farrow v. Revell*, 541 Fed. App'x 327, 328 (4th Cir. 2013) (finding that a "challenge to [] armed career criminal status is not cognizable in a § 2241 petition").

Petitioner objected to the R & R, reiterating his argument that he satisfied all the requirements of the § 2255 savings clause, and thus should be allowed to proceed under § 2241 to challenge the career offender enhancement.  *See* Pet.'s Objs., ECF No. 11 at 2.  Petitioner also reasserts his arguments from his petition as to why the larceny conviction no longer qualifies as a predicate offense for career offender enhancement purposes.  Petitioner further claims that § 2241 is available for claims of actual innocence.  *See* ECF No. 18 at 9–10.

**I.     Analysis**

Petitioner's objections fail establish that the Court should allow him to proceed under § 2241.  Petitioner seeks to challenge his enhanced sentence due to his status as a career offender

pursuant to the USSG.  He argues that one of the predicate convictions used to determine his career offender status, the larceny conviction, no longer qualifies for career offender purposes.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (emphasis added).  A § 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison convictions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241."  *Rice*, 617 F.3d at 807 (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  As noted above, the test set forth in *In re Jones* establishes when § 2255 is "inadequate or ineffective."

Here, Petitioner has failed to show a substantive change in law such that the conduct for which he was <u>convicted</u>, the narcotics charges, was deemed not to be criminal.  Thus, as the Magistrate Judge correctly found, Petitioner cannot satisfy the savings clause of § 2255(e).  Moreover, the Fourth Circuit has specifically found that Petitioner's claim is not cognizable via a § 2241 petition.  *See Darden*, 541 Fed. App'x at 328.  Accordingly, the Court finds that his objections are without merit.  Petitioner's actual innocence argument fails because an actual innocence argument is only proper under § 2241 with regard to the underlying conviction, not the sentence.  *See Farrow*, 541 Fed. App'x at 329 (finding that Petitioner could pursue an actual innocence claim under § 2241 with regard to the underlying conviction, but affirming the district court's determination that Petitioner could not challenge the sentencing enhancement via § 2241).  Based

6

on the authorities cited above, the Court finds that dismissing the petition without prejudice is appropriate.[3]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Petitioner's petition, the Magistrate Judge's R & R, Petitioner's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition is **DISMISSED** *without prejudice* and without requiring respondent to file a return.

**IT IS SO ORDERED**.

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
November 18, 2014

---

[3] Because the Petition appears to seek sentencing relief contemplated by 28 U.S.C. § 2255, the Court considered construing the petition as a § 2255 petition and transferring it to the sentencing court: the District of Massachusetts. As noted above, however, Petitioner previously filed a § 2255 motion to vacate in the sentencing court, which that court dismissed. *See United States v. Capelton*, No. 3:00-cr-30027-MAP-4, at *4 (D. Mass. July 1, 2008). For the District of Massachusetts to have jurisdiction to entertain a successive § 2255, petitioner would need to receive pre-filing authorization from the First Circuit Court of Appeals, which he does not appear to have done. Accordingly, the court finds that transferring the petition to the District of Massachusetts would not be in the interest of justice, as that court would lack jurisdiction. *See, e.g.*, *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013) ("[B]ecause petitioner has proceeded on several occasions under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court."); *Dorise v. Zych*, No. 7:12cv00029, 2012 WL 843779, at *2 (W.D. Va. Mar. 12, 2012) (dismissing § 2241 petition challenging career offender sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a "clearly successive § 2255 motion" in that court); *Eubanks v. Compton*, No. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004) (dismissing § 2241 petition challenging armed career criminal sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a successive § 2255 in that court).